UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

PHL VARIABLE INSURANCE
COMPANY,

        Plaintiff,

v.

FREUNDT & ASSOCIATES INSURANCE
SERVICES, INC.,

        Defendant.

3:13-CV-01314 (CSH)

**ORDER**

**HAIGHT, Senior District Judge:**

**I.**    **INTRODUCTION**

Plaintiff PHL Variable Insurance Company (hereinafter "Plaintiff") has brought this Complaint against Defendant Freundt & Associates Insurance Services, Inc. (hereinafter "Defendant") for breach of contract. Plaintiff has asserted that this Court has subject matter jurisdiction based on diversity of citizenship[1] pursuant to " 28 U.S.C. § 1332(a) "because the parties

---

[1] Plaintiff also avers that Defendant is "subject to the personal jurisdiction of this Court because the Brokerage General Agent Agreement that governs" Defendant's relationship with Plaintiff "subjects [Defendant] to the jurisdiction of" this Court, and that "[t]his Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(2) "because a substantial part of the events or omissions giving rise to the claims occurred in this district" and, "[i]n addition, [because] the Brokerage General Agent Agreement ... provides that any disputes arising out of that agreement shall be subject to the laws of the State of Connecticut without regard to Connecticut choice of law rules." [Doc. 1] at 1-2.

1

are citizens and residents[2] of different states, and the amount in controversy exceeds $75,000.000." [Doc. 1] at 2; *see also*, e.g., 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States").[3] As set forth below, however, Plaintiff has failed to allege sufficient facts to establish that such diversity of citizenship exists. The Court therefore mandates confirmation of the citizenship of both Plaintiff and Defendant.[4]

## II. SUBJECT MATTER JURISDICTION

In general, if subject matter jurisdiction is lacking in an action before a court, the action must be dismissed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). As the Second Circuit recently noted, "[w]here jurisdiction is lacking, ... dismissal is mandatory." *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) (internal quotations and citation omitted).

Consequently a federal court must determine with certainty whether it has subject matter jurisdiction over a case pending before it. If necessary, the court has an obligation to consider its subject matter jurisdiction *sua sponte*. *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006) ("Although neither party has suggested that we lack appellate jurisdiction, we have an independent obligation

---

[2] Residency is not a relevant criterion in the determination of a party's citizenship for purposes of diversity and subject matter jurisdiction.

[3] The element of jurisdictional amount is satisfied as Plaintiff seeks damages well in excess of $75,000. *See* [Doc. 1] at 4.

[4] The Court notes that Plaintiff's Complaint alleges no facts or circumstances that potentially give rise to a federal claim arising under the Constitution or federal statute; thus, no "federal question" subject matter jurisdiction under 28 U.S.C. § 1331 may be found.

to consider the presence or absence of subject matter jurisdiction *sua sponte*."), *cert. denied*, 549 U.S. 1282 (2007); *see also, e.g., Univ. of South Alabama v. American Tobacco* Co., 168 F.3d 405, 410 (11th Cir. 1999) ("a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking"); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107-08 (2d Cir. 1997) (holding that district court may raise issue of subject matter jurisdiction *sua sponte* at any time)). It is, in fact, "common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory." *Manway Constr. Co. v. Housing Auth. of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983).

In order for requisite diversity of citizenship to exist under 28 U.S.C. § 1332(a)(1), a plaintiff's citizenship must be diverse from the citizenship of all defendants to an action. *See, e.g.*, *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.") (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). Such complete diversity "must exist *at the time the action is commenced*," *Universal Licensing Corp. v. Lungo*, 293 F.3d 579, 581 (2d Cir. 2002) (emphasis added), which in the case at bar is August 17, 2010.

Plaintiff's statements concerning both its own citizenship and Defendant's citizenship fall short of demonstrating the Court's subject matter jurisdiction for the following reasons.

Plaintiff states that it "is a life insurance company" which is "organized under the laws of, and maintains its principal place of business in, the State of Connecticut." [Doc. 1] at 1. Plaintiff therefore concludes that Plaintiff "is a citizen of the State of Connecticut." *Id.* However, Plaintiff does not state in any part of its Complaint what *type of entity* it is. Citizenship requirements are

entity-specific, and therefore on this ground alone Plaintiff has not adequately demonstrated either its own citizenship or subject matter jurisdiction in this action.  The Court notes that if Plaintiff is a corporation, it has partially satisfied the requirements under 28 U.S.C. § 1332(c)(1), pursuant to which "a corporation shall be deemed to be a citizen of *any State by which it has been incorporated* and of *the State where it has its principal place of business*." (emphasis added).  However, even if Plaintiff *were* a corporation, Plaintiff has not fully met these statutory requirements as Plaintiff has failed to specify whether Connecticut is its *sole* state of incorporation.[5]

Plaintiff also states that, upon opinion and belief, Defendant "is organized under the laws of the State of California" and "is a citizen of California." [Doc. 1] at 1.  Plaintiff does not, however, state what sort of entity Defendant is, and therefore it is impossible for the Court to determine what requirements would be necessary in order for Plaintiff to sufficiently allege Defendant's citizenship, much less Defendant's actual citizenship as well as whether diversity exists between the parties to this lawsuit.

---

[5]  Further, it is altogether unclear from Plaintiff's Complaint whether Plaintiff *is* in fact a corporation.  If Plaintiff were a different sort of entity, the requirements of citizenship for diversity purposes would be different.  For example, if Plaintiff were an LLC, its "citizenship for diversity purposes ... [would be] the citizenship of *each of its members*." *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267  (7th Cir. 2006)(emphasis added), *cert. denied,* 549 U.S. 1047 (2006).  This is because the "citizenship of a limited liability company is not the state in which it is organized or has its principal place of business, but rather, each of the states in which it has members." *Lewis v. Allied Bronze LLC*, No. 07 Civ. 1621(BMC), 2007 WL 1299251, at *1-2 (E.D.N.Y. May 2, 2007) (citing *Handelsman v. Bedford Village Associates Ltd. Partnership*, 213 F.3d 48, [51-52] (2d Cir.2000) and remanding removed action for lack of diversity jurisdiction).  *See also City of New York v. Mickalis Pawn  Shop, LLC*,  645 F.3d 114, 127 n. 13 (2d Cir. 2011) (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir.2000), as the appropriate "test for determining the citizenship of a limited-liability company").  Consequently, if Plaintiff were an LLC, the requirements for determining Plaintiff's citizenship for diversity purposes would not have been at all met by Plaintiff's Complaint.

**III.     CONCLUSION**

In order to determine whether it has subject matter jurisdiction in this action, the Court hereby ORDERS Plaintiff to establish, by affidavit, both its own citizenship and Defendant's citizenship for diversity purposes as of the date this action was commenced, i.e., September 6, 2013.

Plaintiff shall file and serve such affidavit regarding citizenship on or before **Tuesday, October 1, 2013.**  All case deadlines shall be stayed pending the Court's review of this affidavit. If, upon review, the Court determines that it possesses subject matter jurisdiction, the action may proceed.  Otherwise, in the absence of such jurisdiction, the Court shall dismiss the action without prejudice.

It is SO ORDERED.

Dated: New Haven, Connecticut
September 10, 2013

>                                   */s/Charles S. Haight, Jr.*
>                                   Charles S. Haight, Jr.
>                                   Senior United States District Judge